**Theresa M. YOUNG, Plaintiff,**

v.

**SPRINT CORPORATION, Defendant.**

**Civil Action No. 96–2562–EEO.**

United States District Court,
D. Kansas.

June 18, 1997.

Thomas Stein, Thomas Stein, P.C., Kansas City, MO, for plaintiff.

Karen R. Glickstein, Stephen M. Bledsoe, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has before it a Motion for Leave to File Second Amended Complaint Out of Time and Memorandum in Support Thereof (doc. 15). Plaintiff seeks damages for an alleged violation of the Americans with Disabilities Act (ADA). Her First Amended Complaint alleges that defendant could have accommodated her disability by allowing her to work part time, but refused to do so. Her motion seeks leave to amend by adding allegations that defendant further failed to accommodate her disability, because it did not offer her the chance to telecommute. This refers to a process by which defendant allows some of its employees to work at home.

Defendant opposes the motion for the sole reason that the proposed amendment would be futile. It contends that plaintiff never asked to be allowed to telecommute as an accommodation. It argues that she had the burden to identify the accommodation she desired and that it can not be required to read her mind.

Defendant does not oppose the motion on the grounds of untimeliness. Accordingly, the court will not address that question. Although the motion itself is untimely against the deadline set by the Scheduling Order, no prejudice will occur to defendant by addressing the motion on its merits. The court has set a discovery deadline for September 2 and a final pretrial conference for November 18, 1997.

In support of its argument of futility, defendant cites *Ferry v. Roosevelt Bank*, 883 F.Supp. 435 (E.D.Mo.1995). The court there sustained a motion for summary judgment against an ADA claim. It ruled as a matter of law plaintiff had not sustained her burden to show a violation of the Act, because she failed to ask her employer to allow her to work shorter hours or part time to accommodate her disability. Citing another decision, the court agreed that an "employee can't expect the employer to read his mind and know he secretly wanted a particular accommodation and sue the employer for not providing it." *Id.* at 441.

This court has no argument with *Ferry*, at least for the purpose of deciding the motion here. *Ferry*, however, did not involve a motion to amend the complaint. It determined the claim upon the evidentiary facts submitted to it. The defendant employer in *Ferry*, moreover, did offer plaintiff an accommodation of unpaid medical leave. She simply rejected that offer, without requesting any alternative. The employee herself could have anticipated and requested the possible alternative of shorter hours or working only part time.

In the present case, however, plaintiff did propose to defendant a specific accommodation: a part-time work schedule. She says defendant denied her request for the reason her job could not be performed part time from her home. She now contends, however, that defendant already had in place an available alternative, i.e. to telecommute. Yet it did not offer her that alternative. She says that her counsel learned about it while reviewing the topic of workplace flexibility, discussed in a booklet issued by defendant.

At this point the court does not know whether or not the evidence will ultimately show that defendant had a duty to offer plaintiff the opportunity to telecommute as an accommodation. It cannot determine as a matter of law, however, that the contention is a futility so as to deny the motion to amend. The facts here differ from those in *Ferry*.

For the foregoing reasons the court sustains the Motion for Leave to File Second Amended Complaint Out of Time (doc. 15). Plaintiff may file her Second Amended Complaint for Damages, as proposed.

IT IS SO ORDERED.